UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

Derrick Glenn, Jr.,

         Plaintiff,

   v.

Commissioner of Social Security,[1]

         Defendant.

**Decision and Order**

17-CV-27 HBS
(Consent)

## I. INTRODUCTION

The parties have consented to this Court's jurisdiction under 28 U.S.C. § 636(c). The Court has reviewed the Certified Administrative Record in this case (Dkt. No. 9, pages hereafter noted in brackets), and familiarity is presumed. This case comes before the Court on cross-motions for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure. (Dkt. Nos. 13, 16.) In short, plaintiff is challenging the final decision of the Commissioner of Social Security (the "Commissioner") that he was not entitled to Supplemental Security Income under Title XVI of the Social Security Act. The Court has deemed the motions submitted on papers under Rule 78(b).

## II. DISCUSSION

The ultimate issue to be determined by this Court is whether the ALJ's decision that plaintiff was not under a disability is supported by substantial evidence. *See* 42 U.S.C. § 405(g); *Rivera v. Sullivan*, 923 F.2d 964, 967 (2d Cir. 1991). Substantial evidence is defined as "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).

---

[1] The Clerk of the Court is directed to conform the caption of the case to the caption of this decision.

For purposes of Social Security disability insurance benefits, a person is disabled when she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A) & 1382c(a)(3)(A).

Such a disability will be found to exist only if an individual's "physical or mental impairment or impairments are of such severity that [he or she] is not only unable to do [his or her] previous work but cannot, considering [his or her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . . ." 42 U.S.C. §§ 423(d)(2)(A) & 1382c(a)(3)(B).

Plaintiff bears the initial burden of showing that her impairments prevent her from returning to her previous type of employment. *Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982). Once this burden has been met, "the burden shifts to the [Commissioner] to prove the existence of alternative substantial gainful work which exists in the national economy and which the plaintiff could perform." *Id.*; *see also Dumas v. Schweiker*, 712 F.2d 1545, 1551 (2d Cir. 1983); *Parker v. Harris*, 626 F.2d 225, 231 (2d Cir. 1980).

To determine whether any plaintiff is suffering from a disability, the ALJ must employ a five-step inquiry:

(1) whether the plaintiff is currently working;

(2) whether the plaintiff suffers from a severe impairment;

(3) whether the impairment is listed in Appendix 1 of the relevant regulations;

(4) whether the impairment prevents the plaintiff from continuing her past relevant work; and

(5) whether the impairment prevents the plaintiff from continuing her past relevant

2

work; and whether the impairment prevents the plaintiff from doing any kind of work.

20 C.F.R. §§ 404.1520 & 416.920; *Berry*, *supra*, 675 F.2d at 467. If a plaintiff is found to be either disabled or not disabled at any step in this sequential inquiry, the ALJ's review ends. 20 C.F.R. §§ 404.1520(a) & 416.920(a); *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992). However, the ALJ has an affirmative duty to develop the record. *Gold v. Secretary*, 463 F.2d 38, 43 (2d Cir. 1972).

To determine whether an admitted impairment prevents a plaintiff from performing her past work, the ALJ is required to review the plaintiff's residual functional capacity and the physical and mental demands of the work that she has done in the past. 20 C.F.R. §§ 404.1520(e) & 416.920(e). The ALJ must then determine the individual's ability to return to her past relevant work given her residual functional capacity. *Washington v. Shalala*, 37 F.3d 1437, 1442 (10th Cir. 1994).

Plaintiff argues that the Administrative Law Judge ("ALJ") who rendered an unfavorable decision improperly discounted his neurogenic bladder and failed to include it among his severe impairments. According to plaintiff,

> the ALJ erred on multiple fronts in his evaluation of Plaintiff's urge incontinence. First, he made no finding whatsoever as to whether Plaintiff's urge incontinence was a severe or non-severe impairment. This is despite Dr. Fung's diagnosis and references in treatment records. (Tr. 311–315). Dr. Fung specifically stated that "although [Plaintiff] can maintain continence of both [bladder and bowel] in short duration, he has to rush to the bathroom when the urge kicks in." (Tr. 315). Plainly, the need to rush to the bathroom without notice could interfere with the ability to perform on a regular schedule. This could—in the very least—meet the *de minim[i]s* standard of a severe impairment, and therefore needed to be accounted for in Plaintiff's RFC.

(Dkt. No. 13-1 at 10.) The Commissioner responds that plaintiff has not satisfied even the light burden at Step Two for establishing a severe impairment. "Although Plaintiff cites to his diagnosis of urge incontinence by Dr. Fung in January 2015, this is not sufficient. *See* Pl.'s Br. at 10 (citing Tr.

3

314). The mere existence of a medically determinable impairment does not establish that a more than minimal impact on Plaintiff's ability to perform basic work activities. Both Plaintiff's own reports of urge incontinence and the medical records reflect that his condition was mild, fleeting, or both." (Dkt. No. 16-1 at 16.)

For now, plaintiff has the better argument regarding the possible condition of neurogenic bladder. "The ALJ has an obligation to develop the record in light of the non-adversarial nature of the benefits proceedings, regardless of whether the claimant is represented by counsel." *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000) (citations omitted). At his hearing, plaintiff did not use the phrase "neurogenic bladder," but he described circumstances when he would "have to rush and go to the bathroom." [50.] The medical records mention in early 2013 that neurogenic bladder was suspected and in early 2014 that it continued. [218, 315.] Admittedly, other places in the records are silent about neurogenic bladder symptoms when some mention of symptoms might have been expected. [225, 264, 266, 277, 287, 285, 294, 295.] Nonetheless, the record implies that plaintiff had neurogenic bladder symptoms for at least a year. *See* 20 C.F.R. § 404.1519a(b)(4) (consultative examination needed when "the current severity of your impairment is not established"); *cf. Janas v. Barnhart*, 451 F. Supp. 2d 483, 503 (W.D.N.Y. 2006) (insufficient consideration of a claimant's urinary problems, regardless of physical or psychogenic origin). The implication should be explored further, considering that the ALJ already has mentioned that the "inability to sit for long periods" [23] can affect a claimant's residual functional capacity. As of now, the ALJ's only consideration of possible neurogenic bladder was a passing reference to a physician's suspicion of the condition. [25.] *Cf. Torres v. Comm'r*, No. SAG-15-3294, 2016 WL 5108022, at *4 (D. Md. Sept. 20, 2016) ("The ALJ's brief mention of Dr. Garges's December, 1995 letter does not constitute a sufficient functional assessment of Mr. Torres's neurogenic bladder, because the ALJ did not consider whether

4

any functional limitations applied to his condition.  Nor did the ALJ conclude that the record failed to show the need from any such limitations.  Accordingly, the ALJ failed to consider Mr. Torres's neurogenic bladder diagnosis and remand is required as a result.") (citation omitted).

Under these circumstances, remand is appropriate to develop a more complete record about the current extent, if any, of plaintiff's neurogenic bladder.  While the ALJ officially has the burden of developing the administrative record, plaintiff's counsel is encouraged to provide assistance as needed.  During the remand, the ALJ may review the other issues that plaintiff has raised here, but the Court will not address them at this time.

### III. CONCLUSION

For the above reasons, the Court denies the Commissioner's motion (Dkt. No. 16).  The Court grants plaintiff's cross-motion (Dkt. No. 13) in part to vacate the Commissioner's final decision and to remand the matter for further proceedings consistent with this Decision and Order.  The Court denies plaintiff's cross-motion to the extent that it seeks any other relief.

The Clerk of the Court is directed to close the case.

SO ORDERED.

　　　　　　　　　　　　　　　　　　__/s Hugh B. Scott_____
　　　　　　　　　　　　　　　　　　Hon. Hugh B. Scott
　　　　　　　　　　　　　　　　　　United States Magistrate Judge

DATED: November 2, 2018